(3)

FILED

JAN - 2 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re                          )    No. 10-40046-A-7
                               )
                               )
KARL DENNIS ANDERSON,          )
                               )
        Debtor.                )
                               )
                               )
                               )
_____)

**MEMORANDUM**

The debtor has filed an ex parte motion to reopen this
chapter 7 case for the purpose of amending the schedules in order
to list previously omitted creditors.

The case was filed on July 29, 2010.  The notice of the
meeting of creditors informed the creditors that this was a "no-
asset" case.  Accordingly, creditors were instructed to not file
proofs of claim.

The trustee ultimately filed a report of "no distribution,"
meaning that he had located no nonexempt assets that could be
liquidated for the benefit of creditors and accordingly no
dividend would be paid to them.  The trustee's report was
approved without objection.

Thus, this case was a "no-asset, no-bar-date-case."  A
creditor holding a claim otherwise dischargeable by the debtor
had its claim discharged even though the claim was unscheduled
and the creditor was not given notice of the bankruptcy.  11
U.S.C. § 727(b); Beezley v. California Land Title Co. (In re

Beezley), 994 F.2d 1433 (9th Cir. 1993); White v. Nielsen (In re Nielsen), 383 F.3d 922, 925 (9th Cir. 2004).  It is unnecessary to reopen the case and amend the schedules in order to discharge the claim of an omitted creditor.

If the omitted creditor's claim could have been excepted from discharge by 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6), the debtor's failure to schedule the claim when the petition was filed meant that the omitted creditor did not receive notice of the deadline for filing a complaint.  See 11 U.S.C. § 523(c); Fed. R. Bankr. P. 4007(b).  Therefore, unless the omitted creditor had actual knowledge that the petition had been filed in time to file a timely dischargeability complaint, the failure to initially schedule the claim may mean it is nondischargeable.  11 U.S.C. § 523(a)(3)(B).  Amending the schedules, however, will have not resolve any such issue.

In short, merely reopening the case to permit the amendment of the schedules will have no effect whatever on the debtor's discharge.  If the claim of an omitted creditor was otherwise dischargeable by a chapter 7 discharge, it was discharged even though the creditor was omitted from the schedules.

If the omitted creditor or the debtor wants a declaration that the claim is, or is not, made nondischargeable by section 523(a)(3)(B), one of them must file an adversary proceeding.  See In re Costa, 172 B.R. 954 (Bankr. E.D. Cal. 1994).

In connection with the resolution of any such adversary proceeding, two questions must be determined.  Did the omitted creditor have actual notice of the bankruptcy filing in sufficient time to file a timely dischargeability complaint?  See

-2-

Fed. R. Bankr. P. 4007(c).  And, if there was no actual notice of the petition, is its claim otherwise nondischargeable under 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6)?[1]  If the omitted creditor had actual notice, or if its claim is not excepted from discharge by 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6), the court will declare that the omitted claim was discharged.

However, whatever declaration may be appropriate, it can be given only in an adversary proceeding.

Therefore, the court will permit this case to be reopened. Because this was a "no-asset, no bar date" case, the unscheduled claims of the omitted creditors were discharged unless they are made nondischargeable under section 523(a)(3)(B).  To obtain a declaration that an omitted claim is not (or is) made nondischargeable by section 523(a)(3)(B), the debtor (or the omitted creditor) must file, serve, and prevail in an adversary proceeding.  The only reason to reopen the case is to permit the filing of such an adversary proceeding.

Dated: 2 Jan 14

By the Court

Michael S. McManus
United States Bankruptcy Judge

---

[1]     If the omitted creditor is claiming a debt is non-dischargeable under 11 U.S.C. § 523(a)(1), (5), (7)-(17), the creditor cannot be prejudiced by the omission of its claim in a "no asset" case.  Unlike section 523(a)(2),(4) or (6), there is no deadline for the filing of such a dischargeability complaint and a nonbankruptcy court may determine whether the debt falls into an exception enumerated in section 523(a)(1), (5), (7)-(15), (16), (17).  11 U.S.C. § 523(c)(1); Fed. R. Bankr. P. 4007(c).

-3-